UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOHN ERIC E., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 2303 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Lohn Eric E. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying his application for benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

Plaintiff applied for benefits on June 11, 2014, alleging disability date of May 15, 2011. (R. 13.) His claim was denied initially, on reconsideration, and after a hearing before an ALJ. (R 13, 25.) When the Appeals Council denied plaintiff's request for review, he appealed to this Court, which remanded the case for further proceedings. (R. 935.) On remand, the ALJ once again denied plaintiff's claim. (R. 914.) Plaintiff did not request Appeals Council review and the Appeals Council did not otherwise assume jurisdiction, making the ALJ's decision the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between his alleged onset date and his date last insured ("DLI"). (R. 904.) At step two, the ALJ determined that, during that period, plaintiff had the severe impairments of "post-traumatic stress disorder, depression, obesity, sleep apnea, and right knee degenerative joint disease." (*Id.*) At step three, the ALJ found that, during that period, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 905.) At step four, the ALJ found that, during that period, plaintiff was unable to perform past relevant work but had the RFC to perform light work with certain exceptions. (R. 907, 912.) At step five, the ALJ found that, during the relevant period, there were jobs in significant numbers in the national economy that plaintiff could have performed, and thus he was not disabled. (R. 913-14.)

Plaintiff argues that the RFC is faulty because it does not account for his use of a cane. A cane must be incorporated in an RFC if it is a medical necessity. *Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012); *see* SSR 96-9P, 1996 WL 374185, at *7 (S.S.A. July 2, 1996) ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."). The ALJ found that plaintiff's cane was not a medical necessity (R. 910), and plaintiff does not challenge that finding.[1] Rather, he contends that the ALJ should nonetheless have considered his use of the cane in fashioning the RFC. (ECF 14 at 8 ("[Plaintiff] need not affirmatively prove that a cane is 'medically required' in order to be included in the residual functional capacity finding.").) In other

---

[1] In any event, such a challenge would be unsuccessful given the ALJ's thorough consideration of the issue. (*See* R. 910.)

3

words, plaintiff argues that an ALJ must consider a claimant's cane use, regardless of medical necessity.

That argument, however, nullifies both the "[m]edically required hand-held assistive device" provision of SSR 96-9P and the holdings of the cases that have applied it. *See Tripp*, 489 F. App'x at 955 (holding that ALJ's hypotheticals to vocational expert were not erroneous, though they did not mention claimant's use of crutches, because the crutches were not medically necessary and thus not included in the RFC); *Jester v. Saul*, No. 19-CV-793, 2020 WL 4040586, at *5 (E.D. Wis. July 17, 2020) ("An ALJ must include use of a cane or other hand-held assistive device in the RFC if the ALJ finds that it is medically necessary.") (citing *Tripp*); *Collins v. Colvin*, No. 1:14-CV-00466-DML, 2015 WL 5775224, at *6 (S.D. Ind. Sept. 30, 2015) (noting "the Social Security Administration's directive in SSR 96-9p that the inclusion in an RFC of a claimant's need for a cane or other hand-held assistive device requires a finding of the necessity for the cane based on medical documentation of that need and the circumstances under which it is needed"). Thus, the Court declines to adopt it.

The authority plaintiff cites does not dictate a different result. In *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013), the Seventh Circuit held that an ALJ erred by failing to consider whether a cane was medically necessary, and the court in *Hernandez v. Colvin*, No. 2:15-CV-268-JEM, 2016 WL 4506871, at *7 (N.D. Ind. Aug. 29, 2016), said an ALJ's determination that a cane was not medically necessary was not supported by the record. Neither court held that cane use must be considered in the RFC determination, even if there is no showing of medical necessity.

Plaintiff fares no better with his contention that the ALJ failed to account for his cane use in assessing his symptoms. The ALJ expressly acknowledged plaintiff's testimony that he sometimes used a cane for pain relief, but she concluded that the medical evidence and plaintiff's

4

report of daily activities belied plaintiff's claim of disabling pain. (R. 910.) Thus, contrary to plaintiff's assertion, the record shows that the ALJ complied with the cases and regulations that require ALJs to consider "[a]ny measures other than treatment an individual uses or has used to relieve pain or other symptoms." SSR 16-3P, 2017 WL 5180304, at *8 (Oct. 25, 2017); *see Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (stating that ALJ erred in failing to consider claimant's use of an assistive device in the symptom evaluation); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (per curiam) (same).

## Conclusion

For the reasons set forth above, the Court affirms the Commissioner's decision, grants the Commissioner's motion for summary judgment [15], and terminates this case.

**SO ORDERED.**                                             **ENTERED: February 24, 2021**

_____

**M. David Weisman**
**United States Magistrate Judge**